**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **RODNEY DOWNIE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CASE NO.:  2:06cv.313 DRB |
| | ) |
| **JIMMY FALCO d/b/a** | ) |
| **TRANS LINK MOTOR EXPRESS,** | ) |
| **INC.,** | ) |
| | ) |
| **Defendant.** | ) |

### MOTION FOR MORE DEFINITE STATEMENT

COMES NOW Defendant, Trans Link Motor Express, Inc., improperly named as Jimmy Falco d/b/a Trans Link Motor Express, Inc., (hereinafter referred to as "Defendant"), and requests this Court, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure to require a more definite statement of Plaintiff's claims against Defendant, in that his pleading is so vague and ambiguous, Defendant cannot frame a responsive pleading.  In support of this motion, Defendant respectfully shows unto the Court the following:

1. Plaintiff alleges that he entered into an agreement with Defendant to purchase two vehicles from Defendant over time, and that after Plaintiff had made all of the required payments, Defendant refused to deliver titles to the vehicles. Plaintiff alleges Defendant represented the titles would be conveyed after full payment but Defendant failed to deliver the titles after full payment. Plaintiff alleges that Defendant never intended to deliver titles to the vehicles, and that it misrepresented that he [sic] was acting in good faith.

2. Plaintiff alleges Defendant's "fraud, deceit and misrepresentation commenced on March 21, 2001, continued thru October 8, 2003 and thereafter to the time of this filing."

(Complaint, Par. 12).

    3.    F.R. Civ. P. 9 (b) requires that circumstances of fraud be stated with particularity. The Eleventh Circuit has recognized that F.R. Civ. P. 9(b) requires the plaintiff to allege the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them. <u>Cooper v. Blue Cross & Blue Shield of Fla.</u>, 19 F. 3d 562 (11th Cir. 1994). A plaintiff may satisfy the specificity requirements by stating precisely what statements were made in what documents or oral representations, the time and place of each such statement and who was responsible for making it, the content of the statements and the manner in which plaintiff was misled, and what the defendants obtained as a consequence of the fraud. <u>Brooks v. Blue Cross & Blue Shield of Fla.</u>, 116 F. 3d 1364 (11th Cir. 1997). Admittedly, a plaintiff is not always required to state precisely such details as the date, time or place of the alleged fraudulent misconduct. <u>Chilton Water Authority v. Shell Oil Company</u>, 1999 WL 1628000 (M.D.Ala. 1999). However, in the absence of these details, it must otherwise provide "a modest degree of precision and substantiation to plaintiff's fraud claim." <u>Id</u>. at 4.

    4.    In the instant case, Plaintiff does not state whether the misrepresentations were written or oral, nor does he identify any individuals whom he alleges made misrepresentation on behalf of Defendant, nor does he identify the date, time or place of the alleged misrepresentations. Plaintiff has sued "Jimmy Falco, d/b/a Trans Link Motor Express." Defendant, an administratively dissolved Georgia corporation, is not aware of any individual named Jimmy Falco. Thus, not only has Plaintiff failed to state the date, time or place of the alleged misrepresentations, the manner in which he was mislead, whether the alleged misrepresentations were oral or in writing (and if oral, who made them and where), by naming an individual of whom Defendant is unaware, Plaintiff clearly fails to provide a modest degree of

precision and substantiation of his fraud claim.

5.   In addition, Plaintiff generally states the fraud, deceit and misrepresentation occurred for a continuous period of time commencing March 2, 2001, continuing through October 8, 2003, and continuing further up until the filing of the Complaint.  However, Plaintiff has attempted to plead only one specific misrepresentation: that title would be conveyed after full payment to Defendant.  On its face, this admittedly alleges a representation made at some point in time prior to full payment by Plaintiff (although it does not specify the date, time and place on which it occurred, or whether it was oral or in writing, or who made it if it was oral).  Thus, Plaintiff alleges continuous fraud, misrepresentation, and deceit spanning a period of five years, yet the Complaint states with specificity only one singular misrepresentation.  Once again, Plaintiff fails to provide a modest degree of precision and substantiation to his fraud claim.

5.   In summary, Plaintiff has not stated his claims with the degree of particularity the law requires.  Pursuant to F.R. Civ. P. 9(b) and 12(e), this Court should require Plaintiff to state with specificity the details of the misrepresentation, fraud and deceit Plaintiff alleges Defendant engaged in over the five-year period described by Plaintiff, including precisely what statements were made in what documents or oral representations, the time and place of each such statement and who was responsible for making it, the content of each such statement and the manner in which Plaintiff was misled, and what the Defendant obtained as a consequence of the fraud.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court enter an Order requiring Plaintiff to furnish a more definite statement of the alleged wrongful acts against Defendant.

/s/ JOEL P. SMITH, JR
Joel P. Smith, Jr.
ASB-0328-M46J
Attorney for Defendant

3

OF COUNSEL:
WILLIAMS, POTTHOFF, WILLIAMS
    & SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama  36072-0880
Telephone     (334)  687-5834
Facsimile      (334)  687-5722

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing Answer was served upon the following counsel of record by electronic service and by placing a copy of same in the United States Mail, properly addressed, postage prepaid, this 8th day of May, 2006:

Malcolm R. Newman, Esq.
P. O. Box 6137
Dothan, Alabama  36302

                                       */s/ JOEL P. SMITH, JR*
                                       Of Counsel