IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY DOWNIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:06cv313-WHA |
| ) | |
| JIMMY FALCO, etc., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On July 20, 2006, the court entered an order giving the Plaintiff until July 28, 2006, to show cause, if any there be, why the Defendant's Motion for More Definite Statement (Doc. #4), should not be granted. The Plaintiff has not responded to the order. The court finds the motion to be well-taken, and it is hereby ORDERED as follows:

1. The Motion for More Definite Statement, filed by the Defendant Trans Link Motor Express, Inc., and stating that it is improperly named as Jimmy Falco d/b/a Trans Link Motor Express, Inc. is GRANTED.

2. The Plaintiff is given **until August 25, 2006**, to file an Amended Complaint which complies with the requirements of Rule 9(b), *Fed.R.Civ.P.*, by stating the circumstances of the alleged fraud with particularity. The Amended Complaint must allege the details of the Defendant's allegedly fraudulent acts, when they occurred, and who engaged in them. *Cooper v. Blue Cross and Blue Shield of Florida*, 19 F.3d. 562 (11th Cir. 1994). The Amended Complaint must state precisely what statements were made, in what documents or oral representations, the time and place of each such statement and who was responsible for making it, the content of the

statements and the manner in which Plaintiff was misled, and what the Defendant obtained as a consequence of the fraud, *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d. 1364 (11th Cir. 1997), unless the Plaintiff sets out with specificity what details he is unable to specifically allege, and why.

DONE this 16th day of August, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE