IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **RODNEY DOWNIE,** | * | |
| | * | |
|     **PLAINTIFF,** | * | |
| | * | |
| **VS.** | * | **CASE NO.: 2:06cv.313-WHA** |
| | * | |
| **JIMMY FALCO d/b/a** | * | |
| **TRANS LINK MOTOR** | * | |
| **EXPRESS, INC.** | * | **A TRIAL BY JURY IS** |
| | * | **DEMANDED** |
|     **DEFENDANT.** | * | |

## FIRST AMENDED COMPLAINT

I. <u>Introduction</u>

1. This is an action for money damages alleging fraud, deceit and misrepresentation.

II. <u>Jurisdiction and Venue</u>

2. Jurisdiction of this Court is founded on diversity of citizenship as Plaintiff is citizen of Alabama and the Defendant is a citizen of Georgia. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

3. The Middle District is the proper venue for this action as the Plaintiff is a resident of Barbour County Alabama and pursuant to 28 U.S.C. § 1391(b).

III. <u>Parties</u>

4. The Plaintiff Rodney Downie is a resident of Barbour County, Alabama. The Defendant is a resident of Georgia and is incorporated there.

IV. Statement of Allegations

5. Plaintiff and Defendant entered into an Agreement for Plaintiff to purchase two vehicles from the Defendant over time;

6. Plaintiff took delivery of both tractors with the intent to operate as a long-haul trucker for profit;

7. Defendant knew at the time of purchase that Plaintiff so intended to operate;

8. After Plaintiff made all required payments, Defendant refused to deliver the Title to the vehicles preventing Plaintiff from utilizing the vehicles for their intended purpose;

9. As a result of the Defendant's refusal, the Plaintiff has suffered lost income in excess of $100,000.00 over the last three years;

10. Plaintiff avers that the Defendant never intended to deliver the Certificate of Title but misrepresented that he was acting in good faith;

11. Plaintiff relied on Defendant's representation that Title would be conveyed after full payment but Defendant failed to convey Title after full payment and Plaintiff suffered injury as a direct result of his reliance on Defendant's misrepresentation and deceit;

12. The Defendant's fraud, deceit and misrepresentation commenced on March 2, 2001, continued thru October 8, 2003 and thereafter to the time of this filing.

13. In particular the Defendant acted through his agent Mary Williams on March 2, 2001 and for himself when he told the Plaintiff that if Plaintiff paid him $298.00 for 104 weeks, he would transfer the title to Plaintiff of a 1993 Kenworth tractor, VIN# 1XKADR9XOTJ685617, said conversation in Albany, Georgia.

14. Furthermore, Defendant and his agent Chad Cook did on October 8, 2003 tell the Plaintiff that if he paid $250.00 for 52 weeks beginning on October 10, 2003, Defendant would transfer title to him of one 1996 Kenworth tractor, VIN# 1XKADR9XOTJ685617, all conversations and document execution taking place in Albany, Georgia.

15. Plaintiff paid all monies in accordance with the agreements but Defendant did not transfer title. Therefore, Defendant was unjustly enriched.

V. <u>Claims for Relief</u>

Wherefore the Plaintiff demands judgment of the Defendant in the amount of $150,000.00 plus costs, and Title to the purchased vehicles; and

An appropriate amount as punitive damages for the Defendant's willful conduct in refusing to deliver the aforesaid Titles.

        Malcolm R. Newman, Attorney, P.C.
        /s/ Malcolm R. Newman
        Malcolm R. Newman (NEW017)
        Attorney for Plaintiff
        P.O. Box 6137
        Dothan, AL 36302
        334-792-2132
        ASB-2826-M39M