**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **RODNEY DOWNIE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:06cv.313 DRB |
| ) | |
| **JIMMY FALCO d/b/a** ) | |
| **TRANS LINK MOTOR EXPRESS,** ) | |
| **INC.,** ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW Defendant, Trans Link Motor Express, Inc., improperly named as Jimmy Falco d/b/a Trans Link Motor Express, Inc., (hereinafter referred to as "Defendant"), and for answer to the First Amended Complaint ("Plaintiff's Complaint") filed in the above-styled cause, states as follows:

1. Defendant denies the statements contained in Paragraph 1 of Plaintiff's Complaint and demands strict proof thereof.

2. Defendant admits the statements contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant denies the statements contained in Paragraph 3 of Plaintiff's Complaint.

4. The Defendant admits that Plaintiff is a resident of Alabama. The Defendant is an administratively dissolved Georgia corporation.

5. Defendant admits it entered into an agreement to sell one vehicle to Plaintiff, but denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint and demands strict proof thereof.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.  Defendant advanced an additional $12,000 to Plaintiff to pay for repair costs for the vehicle made the basis of this suit, and the parties agreed that Defendant would not convey title to the vehicle until such time as the Plaintiff repaid Defendant.  To date, Plaintiff has failed to re-pay Defendant, and Plaintiff owes Defendant, or its

successor in interest, Flint River Transportation, the sum of approximately $6000, which amount Defendant pleads as a setoff.

Defendant denies that Plaintiff is entitled to the relief requested.

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant avers that venue is improper. In the alternative, venue would be more appropriate in another forum.

### THIRD DEFENSE

Defendant is not guilty of the matters and things alleged in the Complaint.

### FOURTH DEFENSE

Defendant denies the material allegations of the Complaint and demands strict proof thereof.

### FIFTH DEFENSE

The injuries and damages claimed in the Complaint were caused by the acts or omissions of others for whom Defendant owes no legal responsibility.

### SIXTH DEFENSE

Defendant and its agents had no duty to disclose to Plaintiff the matters he alleges were suppressed, if any.

### SEVENTH DEFENSE

Defendant pleads insufficiency of process, insufficiency of service of process and lack of

jurisdiction over the person. Defendant is a dissolved corporation and has not been properly served.

## EIGHTH DEFENSE

To the extent Plaintiff's Complaint attempts to state a claim for fraud, the Complaint failed to comply with Rules 8 and 9 of the Federal Rules of Civil Procedure and does not give sufficient notice of the circumstances surrounding any alleged fraud.

## NINTH DEFENSE

Plaintiff's own actions proximately caused any injury or damage suffered by Plaintiff.

## TENTH DEFENSE

Plaintiff's claims are barred or may be barred by the applicable statute of limitations, statute of frauds, res judicata, collateral estoppel, waiver, contributory negligence, accord and satisfaction, failure to read, voluntary payment, ratification, acquiescence, consent, release and/or estoppel.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of merger.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the parole evidence rule.

## THIRTEENTH DEFENSE

Defendant denies that Plaintiff reasonably or justifiably relied upon any alleged misrepresentation or omission by Defendant or its agents, or that Plaintiff was damaged as the proximate result of any alleged misrepresentation or omission.

**FOURTEENTH DEFENSE**

Defendant denies that Plaintiff was injured or harmed in any way by any alleged act or omission by Defendant or its agents. Furthermore, Defendant did not authorize, participate in, or ratify any alleged fraud, misrepresentation, deceit, or wrongful act or omission asserted in the Complaint.

**FIFTEENTH DEFENSE**

Plaintiff's claim fails, in whole or in part, because Plaintiff has failed to mitigate damages.

**SIXTEENTH DEFENSE**

Defendant cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee or servant pursuant to Ala. Code § 6-11-27 (1993).

**SEVENTEENTH DEFENSE**

The Complaint fails to allege a claim for which punitive damages can be recovered.

**EIGHTEENTH DEFENSE**

Ala. Code § 6-11-21 bars Plaintiff's claims for punitive damages to the extent that it exceeds the amount of $250,000.00, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. The Alabama Supreme Court acted beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution in striking down this legislative mandate, and therefore, its action was unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

**NINETEENTH DEFENSE**

Alabama Act No. 99-358 bars Plaintiff's claims for punitive damages to the extent that those claims exceed the amount of $500,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. The public policy of this State, as established by Act No. 99-358, limits the claims for punitive damages in this case. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

**TWENTIETH DEFENSE**

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness or the appropriate amount of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial

6

review on the basis of objective standards, would violate Defendant's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection and the guarantee against double jeopardy.

### TWENTY-SECOND DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate Defendant's substantive and procedural due process rights under the due process provisions of the Alabama Constitution.

### TWENTY-THIRD DEFENSE

Any award of punitive damages based on anything other than Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because such an award in this case would not prevent Defendant from being subject to other judgments awarded with the goal of punishing Defendant for the same wrong. In effect, Defendant would receive multiple punishments for the same wrong.

### TWENTY-FOURTH DEFENSE

Any award of punitive damages in this case would violate Defendant's rights under the substantive and procedural Due Process Clause of the United States Constitution and

corresponding provisions of the Constitution of the State of Alabama, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the contract clause of Article Two of the United States Constitution, and the Equal Protection Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama.

## TWENTY-FIFTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1 (1991), events subsequent to Haslip have shown that the system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See Armstrong v. Roger's Outdoor Sports. Inc., 581 So. 2d 414, 423 (Ala. 1991) (Maddox, J., dissenting); Henderson v. Alabama Power Co., 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment and review of such awards is constitutionally deficient. See Honda Motor Co. Ltd. v. Oberg, 114 S. Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent, nor constitutionally adequate to cure this crucial constitutional defect.

## TWENTY-SIXTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express range of penalties established by the legislature.

**TWENTY-SEVENTH DEFENSE**

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to Defendant's alleged conduct in this matter or to any alleged harm to Plaintiff and will dwarf legislatively established fines for comparable conduct.  A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art, I, § 15.

**TWENTY-EIGHTH DEFENSE**

Without the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from  excessive and arbitrary punitive damage awards.

**TWENTY-NINTH DEFENSE**

A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause, because the award would be based upon an Alabama state enforced policy that unconstitutionally discriminates against a defendant in punitive damages cases based upon Defendant's status as a large, out-of-state, corporate entity.

**TWENTY-SEVENTH DEFENSE**

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to Defendant's alleged conduct in this matter or to any alleged harm to Plaintiff and will dwarf legislatively established fines for comparable conduct.  A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art, I, § 15.

**TWENTY-EIGHTH DEFENSE**

Without the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from  excessive and arbitrary punitive damage awards.

**TWENTY-NINTH DEFENSE**

A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause, because the award would be based upon an Alabama state enforced policy that unconstitutionally discriminates against a defendant in punitive damages cases based upon Defendant's status as a large, out-of-state, corporate entity.

## THIRTIETH DEFENSE

The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## THIRTY-FIRST DEFENSE

Plaintiff's claims for punitive damages against Defendant cannot be sustained, because any such award of damages under Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment as incorporated into the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

## THIRTY-SECOND DEFENSE

Any award of punitive damages based on anything other than Defendant's conduct, if any, in connection with the sale of the specific product that is the subject of this case, as opposed to conduct outside the State of Alabama, would violate the Due Process and Equal Protection Clauses of the United States Constitution and the Alabama Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because any other judgment for damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong. See Gore v. BMW of North America. Inc., 116 S. Ct. 1509 (1996).

### THIRTY-THIRD DEFENSE

Plaintiff's demand for punitive damages is unconstitutional and violates Defendant's right to due process guaranteed by the Fifth Amendment and the Fourteenth Amendment of the United States Constitution and Article I, Section 6, of the Alabama Constitution, because the jury is not authorized to apportion damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by each alleged tortfeasor.

### THIRTY-FOURTH DEFENSE

Any award of punitive damages to Plaintiff under Alabama law without requiring a bifurcated trial as to all punitive damage issues would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRTY-FIFTH DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards articulated by the United States Supreme Court in BMW of North America. Inc. v. Gore, 116 S. Ct. 1589 (1996).

### THIRTY-SIXTH DEFENSE

Any award of punitive damages in this case would be subject to scrutiny under the factors set forth in BMW of North America Inc. v. Gore, 116 S. Ct. 1589 (1996).

### THIRTY-SEVENTH DEFENSE

Any jury making an award of punitive damages in this case must consider the factors set forth in BMW of North America, Inc. v. Gore, 116 S. Ct. 1589 (1996), when assessing the constitutionality of punitive damages and of any such award.

## THIRTY-EIGHTH DEFENSE

Any award of punitive damages in this case would be unconstitutional under <u>BMW of North America, Inc. v. Gore</u>, 116 S. Ct. 1589 (1996), because Defendant received no notice of the severity of the potential penalty that might be imposed as punishment under Alabama law.

## THIRTY-NINTH DEFENSE

The imposition of punitive damages in this case would violate Defendant's rights under the Contract Clause of Article I, Section 10 of the United States Constitution and the corresponding provisions of the Alabama Constitution in that it would impair the contractual obligations to the parties in this litigation.

## FORTIETH DEFENSE

Plaintiff's demand for punitive damages violates Defendant's right to due process and equal protection guaranteed by the United States Constitution and the Alabama Constitution, as the standards for assessing the propriety and amount of punitive damages violate the respective constitutional prohibitions against vague and overbroad laws.

## FORTY-FIRST DEFENSE

The assessment of punitive damages in this action would impinge upon the Commerce Clause of Article I, Section 8 of the United States Constitution as it constitutes an undue and unreasonable burden on interstate commerce. Alternatively, such an award is violative of the Commerce Clause to the extent that such award punishes acts or omissions which allegedly have occurred solely outside of state boundaries.

## FORTY-SECOND DEFENSE

Any award of punitive damages based in whole or in part on the net worth, wealth, or value of assets of Defendant would violate its right to equal protection guaranteed by the Fifth

and Fourteenth Amendments to the United States Constitution.

## FORTY-THIRD DEFENSE

Defendant is denied due process and equal protection of the law because it is denied defenses available to other defendants in tort cases.

Defendant reserves the right to assert other defenses and claims when and if it becomes appropriate during this civil action.

/s/ *Joel P. Smith Jr.*_____
Joel P. Smith, Jr.      ASB-0328-M46J
Attorney for Defendant

OF COUNSEL:
WILLIAMS, POTTHOFF, WILLIAMS
     & SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama  36072-0880
Telephone     (334) 687-5834
Facsimile     (334) 687-5722

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answer was served upon the following counsel of record by electronic service this 5th day of September, 2006:

Malcolm R. Newman, Esq.
P. O. Box 6137
Dothan, Alabama  36302

*/s/ Joel P. Smith, Jr.*_____
Of Counsel