# EXHIBIT A
## to Defendant's Motion for Summary Judgment

## Excerpts and Exhibits from Plaintiff's Deposition

## Rodney Downie vs. TransLink Motor Express, Inc.

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 1

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE MIDDLE DISTRICT OF ALABAMA

3    NORTHERN DIVISION

4

5    CASE NUMBER:   2:06cv313-WHA

6

7    RODNEY DOWNIE,                ORIGINAL

8          Plaintiff,

9    vs.

10   JIMMY FACKLER d/b/a

11   TRANS LINK MOTOR EXPRESS,

12   INC.,

13         Defendant.

14

15

16   BEFORE:

17        Cynthia M. Noakes, Commissioner

18        and Court Reporter

19

20

21        DEPOSITION TESTIMONY OF RODNEY DOWNIE

22

23        * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 2

```
 1                S T I P U L A T I O N

 2

 3           IT IS STIPULATED AND AGREED by and

 4  between the parties through their respective

 5  counsel, that the deposition of RODNEY DOWNIE may

 6  be taken before Cynthia M. Noakes, Court

 7  Reporter, at the Law Offices of MALCOLM R.

 8  NEWMAN, ATTORNEY AT LAW, P.C., 219 West Crawford

 9  Street, Dothan, Alabama 36301, on the 22nd day of

10  March, 2007.

11           IT IS FURTHER STIPULATED AND AGREED

12  that the signature to and the reading of the

13  deposition by the witness is waived, the

14  deposition to have the same force and effect as

15  if full compliance had been had with all laws and

16  rules of Court relating to the taking of

17  depositions.

18           IT IS FURTHER STIPULATED AND AGREED

19  that it shall not be necessary for any objections

20  to be made by counsel to any questions except as

21  to the form or leading questions, and that

22  counsel for the parties may make objections and

23  assign grounds at the time of the trial, or at
```

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 3

1    the time said deposition is offered in evidence,

2    or prior thereto.

3            IT IS FURTHER STIPULATED AND AGREED

4    that the notice of filing of the deposition by

5    the Court Reporter is waived.

6

7

8

9

10

11

12

13

14

15

16

17    * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

18

19

20

21

22

23

**1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com**
**1-800-888-DEPO**

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 10

1    Q.    What year did you get your CDL?

2    A.    '94.

3    Q.    Okay.  And did you get a truck driving job

4    after that?

5    A.    Yes.

6    Q.    Tell me where that was.

7    A.    Vickers & Sons Trucking.

8    Q.    Where is that?

9    A.    That's in Baker Hill, Alabama.

10    Q.    Okay.  Is that Mac Vickers?

11    A.    Yeah.  Mac and Jimmy.

12    Q.    Okay.  What were y'all hauling?

13    A.    Chips and logs.

14    Q.    Okay.  How long did you drive for them?

15    A.    Two years.

16    Q.    And where did you go after that?

17    A.    Circle B Logging.

18    Q.    Who owns that one?

19    A.    Marty Barbaree.

20            THE COURT REPORTER:  I'm sorry?

21            THE WITNESS:  Marty Barbaree.

22            MR. SMITH:  That's B-A-R-B-A-R-E-E, I

23    think.

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 38

1    just paying 325 a week renting this truck, where

2    I'm digging myself deeper in my debt.  I had that

3    325 that then would come out.

4    Q.    Okay.  Let's back up.

5          MR. SMITH:  Could we take a quick

6    break?  My office keeps on voicemailing me.  I

7    just want to make sure I don't have any kind of

8    problem.  I'm sorry.

9          MR. NEWMAN:  Okay.

10         (A brief recess was taken.)

11   (BY MR. SMITH)

12   Q.    Okay.  So when we broke, you had mentioned

13   that your truck broke down.

14   A.    Yes.

15   Q.    Tell me when that was.

16   A.    That was in March of '03.

17   Q.    March 2003.  And the note or the bill of

18   sale that we've marked as Exhibit 1 was not paid

19   off at the time it broke down; is that correct?

20   A.    I had, I think, one payment left when it

21   broke down.

22   Q.    Okay.  What happened to the truck?  How did

23   it break down?

**MERRILL LEGAL SOLUTIONS**
Court Reporting * Legal Videography * Trial Services

Page 40

1   Q.    So what did y'all decide to do?  How much

2   was it going to cost to fix it?

3   A.    Well, Jimmy told me to take it over to the

4   Detroit place in Albany and let them look at it

5   and see what was wrong and what was causing it.

6        And I took it over there.  They told us

7   about it had the cracked sleeve in the piston.

8   Q.    And what did they say needed to be done to

9   it?

10  A.    They said it needed to be rebuilt.

11  Q.    Did they give you a cost estimate on that?

12  A.    I think Jimmy said they wanted $9,000.

13  Q.    They didn't give you the estimate; they gave

14  it to Jimmy?

15  A.    To Jimmy.

16  Q.    Okay.  So what did you decide to do?

17  A.    Well, he told me he thought he could find

18  somebody to do it cheaper than that.

19       The truck stayed over at Detroit probably,

20  like, six or seven months.  That was during the

21  period of time I was driving another truck while

22  it was down.

23  Q.    I mean, was Detroit fixing the truck?

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 45

1   asked him, "Were you able to fix my truck?"   And

2   he said, "Yeah."   And I told him, you know, I

3   would come back to work, so I come on back to

4   work.

5   Q.     Okay.   Well, let's back up a minute.   When

6   it was sitting over at Detroit, you stopped work.

7   You didn't drive for Flint River or Trans Link?

8   A.     Yes.

9   Q.     You stopped driving for them?

10  A.     Yes.

11  Q.     And you still owed them money from this

12  initial purchase agreement in March of --

13  A.     Well, I had made all my truck payments.   But

14  he was saying I owed like -- when we went in

15  there, he said I owed for, like, maintenance and

16  tires, $3500 worth.

17  Q.     Now, earlier we talked about that it was 104

18  week payout and that there was some weeks where

19  you didn't work and therefore didn't pay them;

20  isn't that right?

21  A.     Yes.

22  Q.     So you weren't fully paid up when the truck

23  -- I mean, the truck wasn't paid off when the

**1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com**
**1-800-888-DEPO**

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 50

1  A.    Yes.

2  Q.    Were you having to make any kind of payment

3  on the first truck you'd bought?

4  A.    No.

5  Q.    Okay.  But you had that repair bill hanging

6  over your head, correct?

7  A.    No.  They hadn't fixed the truck then.

8  Q.    Okay.  But the reason you weren't driving is

9  because it was broken, right?

10 A.    It was broke down, yes.

11 Q.    And during that period of time, did you

12 drive for any other operators, other than Trans

13 Link?

14 A.    Well, I helped a guy haul logs about a

15 month, when my truck was broke down.

16 Q.    Who was that?

17 A.    Marty Barbaree, Circle B Logging.

18 Q.    Let me tell you what our records show:  That

19 you didn't drive -- between April and August of

20 2003, you didn't drive for Trans Link; is that

21 correct?

22 A.    Yes.

23 Q.    Okay.  And then in August of '03, that's

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 51

1    when you decided to get the truck fixed, correct?

2    A.    Yes.

3    Q.    And that cost was $8500?

4    A.    Yes.

5    Q.    And Trans Link fronted that money, correct?

6    A.    Yes.

7    Q.    Okay.

8          (Defendant's Exhibit No. 2 was

9          marked for identification and a

10         copy of the same is attached

11         hereto.)

12   Q.    Let me show you what I've marked as Exhibit

13   2, which is a document your attorney produced to

14   us.

15         This is a bill of sale dated September 15,

16   2003.  Is that your signature on the bottom right?

17   A.    Yes.

18   Q.    And it's calling for 52 weekly payments of

19   $250, beginning October 10, 2003.  Is this to

20   cover the payments for the repairs?

21   A.    Yes.  Plus the maintenance bill that he said

22   I owed.  This was after I had paid for the truck.

23   Q.    Okay.  So you again owed money on the truck?

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 52

1    A.    Yes.

2    Q.    And was the agreement at that time they were

3    going to hold the title, just as all the

4    arrangements before, and you were going to pay

5    over time?

6    A.    We didn't discuss that.  Really, I thought

7    it was just a maintenance bill.  But he told me I

8    either had to sign another bill of sale or turn

9    the truck back in.

10   Q.    And you signed the bill of sale?

11   A.    Yes.

12   Q.    And, basically, you owed them the money and

13   they were keeping the truck as collateral; is that

14   correct?

15   A.    I had the truck.

16   Q.    You had the truck, but they were keeping

17   title?

18   A.    Yes, they had the title.

19   Q.    And that was the understanding was that you

20   had to pay this back before you got the title,

21   correct?

22   A.    Yes.

23   Q.    And that was your clear understanding at

Page 56

1    probably.

2    Q.    Okay.  And then during the times you drove,

3    you would make the payment to Trans Link, correct?

4    A.    Yes.

5    Q.    They would deduct it.  And then when you

6    weren't driving, there would be no payment; is

7    that correct?

8    A.    Yes.

9    Q.    Okay.  At any point in time, before he sent

10   the sheriff out there, had you stopped driving for

11   him?

12   A.    Well, that was the weekend.  I had a load

13   going out to Louisiana, and I didn't deliver it.

14   And that's when he sent the sheriff over.

15   Q.    To get the truck back?

16   A.    Yeah.  Because I had problems at home.

17   Q.    Tell me about -- I mean, I don't want to get

18   into your business.  I mean, you had problems at

19   home.

20         We agree that you didn't take that trip,

21   right?

22   A.    Yes.

23   Q.    And how long after that -- did you drive

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 57

1  again after that particular incident?

2  A.    No.

3  Q.    Okay.  And how long between that and the

4  time that you got sued in December to reclaim the

5  truck?

6  A.    Talk about did I drive after?

7  Q.    Yeah.  You didn't drive after you missed

8  that load, right?

9  A.    For Flint River?

10  Q.    Right.

11  A.    No.

12  Q.    Okay.  Did you talk to them about coming

13  back?

14  A.    No.

15  Q.    And Flint River would have records showing

16  that missed load, correct; and that would tell us

17  the date?

18  A.    Yes.

19  Q.    You don't remember the exact date?

20  A.    No.

21  Q.    And so after that point in time, you didn't

22  make any more payments to Flint River?

23  A.    No.

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 58

1   Q.    And then you started driving for somebody

2   else?

3   A.    Yes.

4   Q.    Who did you start driving for?

5   A.    After Flint River, I drove the truck.  I

6   went and got my own insurance and I hauled local

7   with the truck.

8   Q.    Using that truck.  Okay.

9   A.    Yes.

10  Q.    How did you have it tagged?

11  A.    I already had the tag on it.

12  Q.    Okay.  Are you driving it now?

13  A.    No.

14  Q.    When was the last time you drove it?

15  A.    It's been over -- I drove it up to, like,

16  when I went to bankruptcy court in January.

17  Q.    Of what year? of '04?

18  A.    Yeah.

19  Q.    Okay.

20  A.    So I had to turn the tag in to his lawyer.

21  Q.    Okay.

22  A.    So after that, he had told his lawyer that

23  he was going to send me a paper over.  You know,

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 61

1    A.    Yes.

2    Q.    Okay.  And you filed bankruptcy on

3    December 18, 2003, according to this, correct?

4    A.    Yes.

5    Q.    And this case was also filed on December 18,

6    2003; is that your recollection?

7    A.    I don't know.  I know the sheriff brought me

8    the paper.

9    Q.    Okay.  Did you know about the lawsuit before

10   the sheriff brought the paper?

11   A.    No.

12   Q.    Okay.  When the sheriff came, they tried to

13   get the truck back, correct?

14   A.    No.

15   Q.    The didn't?

16   A.    No.  The sheriff called him and talked to

17   him.  And he had sent the dispatcher and a driver

18   over to my house.  And the sheriff asked him had

19   he been taking payments out on the truck, and he

20   told him yes.

21   Q.    Well, you didn't hear that conversation?

22   The sheriff was on the phone with somebody at

23   Trans Link?

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 62

1    A.    He was on the phone with Jimmy.  I called

2    him and I gave the sheriff the phone.

3    Q.    And you didn't hear what Jimmy was saying to

4    the sheriff?

5    A.    Well, I know I heard the sheriff asking was

6    he making payments on the truck.  And the sheriff

7    told him, "Well, if you've been taking out

8    payments, you have to handle it as a repossession

9    if he don't pay you."

10   Q.    All right.  Tell me why you filed for

11   bankruptcy.

12   A.    To have time to pay that money.

13   Q.    To pay off Trans Link?

14   A.    Yeah.

15   Q.    What would have prevented you from just

16   continuing to drive like you had before?  I mean,

17   your payment, according to this, was $250, which

18   was less than your original payment, correct?

19   A.    Yes.

20   Q.    So why not just keep driving and paying it

21   off, as opposed to filing bankruptcy?

22   A.    Well, he come back and he sent for the

23   truck.

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 67

1   court; is that right?

2   A.     To Curtis Reding.

3   Q.     Is he the trustee?

4   A.     Yes.

5   Q.     Okay.  And he pays Flint River and your

6   other creditors?

7   A.     Yes.

8   Q.     Schedule B, item 20 -- this is where you

9   were listing out your assets to the bankruptcy

10  court and telling them what you owe -- it says,

11  "Other contingent and unliquidated claims of every

12  nature, including tax refunds, counterclaims of

13  the debtor, and rights to setoff claims.  Give

14  estimated value of each."

15         And you claim there that you had an income

16  tax refund of $2,000, correct?

17  A.     Yes.

18  Q.     There's no listing here of any kind of claim

19  against Trans Link for fraud or anything else,

20  correct?

21  A.     No.

22  Q.     Okay.

23                (Defendant's Exhibit No. 6 was

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 78

1   Q.    So you're saying that they should have

2   tagged the truck or helped you tag the truck?

3   A.    No.  Give me a paper to tag the truck.  Like

4   a title certificate or something like that.

5   Q.    Well, they still had title to the truck,

6   correct?

7   A.    Yes.

8   Q.    Okay.  Did you ever personally call Mr.

9   Fackler, or anybody at Flint River, to talk about

10  getting the truck tagged?

11  A.    Yes.

12  Q.    Okay.  Who did you talk to?

13  A.    Jimmy.

14  Q.    Tell me when that was.

15  A.    It was in, like, February.  It was after I

16  went to bankruptcy court.

17  Q.    Okay.  And tell me about that conversation.

18  A.    I asked him was he going to give me

19  something to tag the truck, and he told me no.

20  Q.    Did he say why?

21  A.    No.

22  Q.    Did you ask him why?

23  A.    No.

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 86

1    Q.    Did you review it before it was filed by

2    your attorney?

3    A.    Yes.

4    Q.    Okay.  Paragraph 5 says, "Plaintiff and

5    Defendant entered into an Agreement for Plaintiff

6    to purchase two vehicles from the Defendant over

7    time."

8          That's what that says, right?

9    A.    Yes.

10   Q.    It's actually one, correct?

11   A.    Yes.  One was '93 and one says '96?

12   Q.    Right.  That's what I was thinking.  One

13   bill of sale said '93 and one said '96.  But the

14   '93 was a mistake.  So it looks misleading.  It

15   looks like there's two vehicles; but you really

16   own one?

17   A.    Yes.

18   Q.    Okay.  This says, No. 8, "After Plaintiff

19   made all required payments, Defendant refused to

20   deliver the Title to the vehicles preventing

21   Plaintiff from utilizing the vehicles for their

22   intended purpose."

23          You've already agreed with me that you still

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 95

1    Q.    You have not?

2    A.    No.  They were just giving me just 90 days.

3    Q.    Okay.  But you haven't tried in Barbour

4    County or anywhere else?

5    A.    No.

6    Q.    Okay.  In paragraph 15 of your Complaint you

7    say, "Plaintiff paid all monies in accordance with

8    the agreements but Defendant did not transfer

9    title."

10        That's not accurate, correct?  I mean, you

11   still were paying money.

12   A.    I wasn't making truck payments; I was paying

13   on the maintenance bill.

14   Q.    Right.  But that was still a payment that

15   you had to make, correct?

16   A.    Yes.

17   Q.    We've already agreed that they were holding

18   title to secure that payment, correct?

19   A.    Yes.

20   Q.    And that's what you told the bankruptcy

21   court too?

22   A.    No.

23   Q.    Well, you told the bankruptcy court you owed

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 96

1    them $10,000 and they were a secured creditor?

2    A.    Yeah.   For maintenance on the truck.

3    Q.    Okay.   It looks like at one time you did

4    sign documents with Mary Williams when you first

5    bought it, according to paragraph 13?

6    A.    Yes.

7    Q.    And then paragraph 14, you talked to Chad

8    Cook.

9          Can you tell me everything those two said to

10   you regarding your financing of the truck?

11   A.    Well, they don't really talk to you about

12   it.   You talk to Jimmy, and you go sign the

13   paperwork with them.

14   Q.    Okay.   Well, have you told me so far today

15   everything you can remember Jimmy telling you

16   about the purchase of this truck and the repairs

17   and the financing?

18   A.    Yeah.   Just what the payments would be.

19   Q.    Okay.   Did Jimmy tell you anything that

20   wasn't true?

21   A.    Yes.

22   Q.    Tell me what he said that wasn't true.

23   A.    I don't have the title and I've done paid

## Bill Of Sale

**Date of Sale**                                March 2, 20001

**Seller**                                Trans Link Motor Express, Inc.

**Purchaser**                                Rodney Downie

**Equipment**                                **1993 Kenworth**
                                Vin# 1XKADR9XOTJ685617

**Sale Price**                                104 Weekly Pmts of $298.00

**Terms Of Sale**                                Sold **"As Is, Where Is"** with no
                                Warranties of any kind given,
                                expressed or implied except
                                for Factory Warranty,

If either party cancels lease the Purchaser will have the option to pay the
unpaid balance of the lease and take possession of the above vehicle or
return it to Trans Link Motor Express, Inc. with no equity payment due to
the Purchaser.

Trans Link Motor Express, Inc.
952 North Maple Street
Albany, Georgia 31701

By: _Mary Gae Williams_ Date: _3-2-01_

Seller: _Trans Link Motor Express, Inc._  Purchaser: _Rodney Downie_

**DEFENDANT'S EXHIBIT**

_1- Downie_

## IN THE DISTRICT COURT OF BARBOUR COUNTY, ALABAMA
### (CLAYTON DIVISION)

TRANS LINK MOTOR EXPRESS, INC.    )
           PLAINTIFF,       )
                            )
VS.                         )  CIVIL ACTION NO. CC 03- _____
                            )
RODNEY DOWNIE,         )
           DEFENDANT.      )

---

### VERIFIED COMPLAINT FOR RECOVERY OF CHATTELS IN SPECIE
### and
### COMPLAINT ON AN AGREEMENT

---

1.    The Plaintiff, Trans Link Motor Express, Inc. claims possession from the Defendant, Rodney Downie, of One (1) 1996 Kenworth Truck, VIN# 1XKADR9XOTJ685617, along with it's tags and permits.

2.    The Defendant, Rodney Downie, owes the Plaintiff, Trans Link Motor Express, Inc., the sum of Thirteen Thousand Ninety-Four and 39/100 ($13,094.39) Dollars on an agreement to pay which he/she has refused or otherwise failed to pay.

3.    The Plaintiff also claims cost of court.

WHEREFORE, Plaintiff demands judgment against the Defendant for the recovery of the aforedescribed property, whose fair market value will act as an offset to the amount claimed on their agreement or in the alternative the total amount claimed as a result of their agreement, plus the vehicle's tags and permits and cost of court.

Jimmy Fackler, General Manager for the
Plaintiff, Trans Link Motor Express, Inc.

**DEFENDANT'S EXHIBIT**

3 - Downie

_____

Paul W. Brunson, Jr.
Attorney for Plaintiff

OF COUNSEL:
Paul Brunson, L.L.C.
104 Court Square
P.O. Box 475
Clayton, AL  36016
(334)  775-8555

## ACKNOWLEDGMENT

Before me, Christy M. Fortune, a Notary Public in and for the County of Barbour, State of Alabama, personally appeared Jimmy Fackler in his capacity as General Manager for the Plaintiff, who being duly sworn, does depose and say: That he has personal knowledge of the facts set forth in the foregoing Complaint, and that the same are true and correct to the best of his knowledge and belief.

_____

Jimmy Fackler

Subscribed and sworn to before me this the 25th day of _November_ 2003, by said Affiant.

_____

Notary Public
My Commission Exp. 02/10/06

SEAL

**03-12870** Rodney D. Downie
**Case type:** bk **Chapter:** 13 **Asset:** Yes **Vol:** v **Judge:** Dwight H. Williams Jr.
**Date filed:** 12/18/2003 **Plan confirmed:** 03/10/2004 **Date of last filing:** 11/27/2006

# Case Summary

| | | | |
|---|---|---|---|
| **Office:** | Dothan | **Filed:** | 12/18/2003 |
| **County:** | Barbour | **Terminated:** | |
| **Fee:** | Paid | **Discharged:** | |
| **Origin:** | 0 | **Reopened:** | |
| **Previous Term:** | | **Converted:** | |
| **Disposition:** | | **Dismissed:** | |
| **Joint:** | n | **Confirmation Hearing:** | |

**Pending Status:** Awaiting Confirmation Hearing
**Trustee:** Bankruptcy Administrator **City:** Montgomery **Phone:** **Email:** ba@almb.uscourts.gov
**Trustee:** Curtis C. Reding **City:** Montgomery **Phone:** 334 262-8371 **Email:** trustees_office@ch13mdal.com
**Party 1:** Rodney D. Downie (Debtor) (xxx-xx-3875)
**Atty:** Rafael Gil III **Represents party 1:** Debtor **Phone:** 334-673-0100 **Fax:** 334-794-0408 **Email:** rafaelgil3@yahoo.com

**Location of Case File(s):**
**Volume:** CS1
The case file may be available.

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/20/2007 15:56:13 | | | |
| PACER Login: | wp0749 | Client Code: | |
| Description: | Case Summary | Search Criteria: | 03-12870 |
| Billable Pages: | 1 | Cost: | 0.08 |

DEFENDANT'S EXHIBIT
5 - Downie

## United States Bankruptcy Court
## Middle District of Alabama

IN RE:                                                              Case No. _____

**Downie, Rodney D.** _____          Chapter **13** _____
Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept ........................................................................... $      **1,600.00**

Prior to the filing of this statement I have received ................................................................ $ _____

Balance Due ........................................................................................................ $      **1,600.00**

2.  The source of the compensation paid to me was:  ☑ Debtor   ☐ Other (specify):

3.  The source of compensation to be paid to me is:  ☑ Debtor   ☐ Other (specify):

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.   ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
    e.   [Other provisions as needed]

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:
    **Adversary Proceedings and Amendments**

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**December 18, 2003**                          **/s/ Rafael Gil III**
Date                                                    Signature of Attorney

                                               **Backus & Gil, L.L.C.**
                                               Name of Law Firm

---

DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**UNITED STATES BANKRUPTCY COURT**

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Neither the judge nor the court's employees may provide you with legal advice.

**Chapter 7: Liquidation ($155 filing fee plus $39 administrative fee plus $15 trustee surcharge)***

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under Chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3. The purpose of filing a Chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to a valid security interest. Your attorney can explain the options that are available to you.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $39 administrative fee)***

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for Chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under Chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually the period allowed by the court to repay your debts is three years, but not more than five years. Your plan must be approved by the court before it can take effect.

3. Under Chapter 13, unlike Chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

**Chapter 11: Reorganization ($800 filing fee plus $39 administrative fee)***

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision for an individual to file a Chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer ($200 filing fee plus $39 administrative fee)***

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to a Chapter 13. The eligibility requirements are restrictive, limiting its use to those who income arises primarily from a family owned farm.

* Fees are subject to change and should be confirmed before filing.

### ACKNOWLEDGEMENT

I, the debtor, affirm that I have read this notice.

_____  
Case Number

| December 18, 2003 | /s/ Rodney D. Downie | | |
|---|---|---|---|
| Date | **Rodney D. Downie** | Debtor | Joint Debtor, if any |

**INSTRUCTIONS:** If the debtor is an individual, a copy of this notice personally signed by the debtor must accompany any bankruptcy petition filed with the Clerk. If filed by joint debtors, the notice must be personally signed by each. Failure to comply may result in the petition not being accepted for filing.

NOTICE TO INDIVIDUAL CONSUMER DEBTOR

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court<br>Middle District of Alabama | Voluntary Petition |
| --- | --- | --- |

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Downie, Rodney D.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| --- | --- |
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>**Rodney Downie** | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D.<br>No. (if more than one, state all): **3875** | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D.<br>No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**1559 County Road 20<br>Clayton, AL  36016** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:     **Barbour** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

| Location of Principal Assets of Business Debtor<br>(if different from street address above): |
| --- |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check on box) |
| --- | --- |
| ☑ Individual(s)        ☐ Railroad<br>☐ Corporation       ☐ Stockbroker<br>☐ Partnership       ☐ Commodity Broker<br>☐ Other _____       ☐ Clearing Bank | ☐ Chapter 7     ☐ Chapter 11     ☑ Chapter 13<br>☐ Chapter 9     ☐ Chapter 12<br>☐ Sec. 304 - Case ancillary to foreign proceeding |

| **Nature of Debts** (Check one box)<br>☑ Consumer/Non-Business   ☐ Business | **Filing Fee** (Check one box)<br>☐ Full Filing Fee attached<br>☑ Filing Fee to be paid in installments (applicable to individuals only)<br>    Must attach signed application for the court's consideration<br>    certifying that the debtor is unable to pay fee except in installments.<br>    Rule 1006(b). See Official Form No. 3. |
| --- | --- |
| **Chapter 11 Small Business** (Check all boxes that apply)<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered a small business under<br>    11 U.S.C. § 1121(e) (Optional) | |

**Statistical/Administrative Information** (Estimates only)

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15<br>☑ | 16-49<br>☐ | 50-99<br>☐ | 100-199<br>☐ | 200-999<br>☐ | 1000-over<br>☐ |
| --- | --- | --- | --- | --- | --- | --- |

| Estimated Assets | | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| $0 to<br>$50,000<br>☑ | $50,001 to<br>$100,000<br>☐ | $100,001 to<br>$500,000<br>☐ | $500,001 to<br>$1 million<br>☐ | $1,000,001 to<br>$10 million<br>☐ | $10,000,001 to<br>$50 million<br>☐ | $50,000,001 to<br>$100 million<br>☐ | More than<br>$100 million<br>☐ |

| Estimated Debts | | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| $0 to<br>$50,000<br>☐ | $50,001 to<br>$100,000<br>☑ | $100,001 to<br>$500,000<br>☐ | $500,001 to<br>$1 million<br>☐ | $1,000,001 to<br>$10 million<br>☐ | $10,000,001 to<br>$50 million<br>☐ | $50,000,001 to<br>$100 million<br>☐ | More than<br>$100 million<br>☐ |

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

VOLUNTARY PETITION

(Official Form 1) (12/03)                                                                                              FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Downie, Rodney D.** |
|---|---|

**Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet)

| Location<br>Where Filed: **None** | Case Number: | Date Filed: |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Rodney D. Downie**
Signature of Debtor                                **Rodney D. Downie**

X _____
Signature of Joint Debtor

**(334) 775-7557**
Telephone Number (If not represented by attorney)

**December 18, 2003**
Date

### Signature of Attorney

X **/s/ Rafael Gil III**
Signature of Attorney for Debtor(s)

**Rafael Gil III ASB-7783A53G**
Printed Name of Attorney for Debtor(s)

**Backus & Gil, L.L.C.**
Firm Name

**188 North Foster Street, Suite 100**
Address

**Dothan, AL  36303**

**(334) 673-0100**
Telephone Number

**December 18, 2003**
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X **/s/ Rafael Gil III**                                          **12/18/03**
Signature of Attorney for Debtor(s)                                Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C. § 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

VOLUNTARY PETITION

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Middle District of Alabama**

IN RE:                                              Case No. _____

Downie, Rodney D. _____    Chapter **13** _____
                    Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 2 | 22,350.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 16,600.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 2 | | 2,009.89 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 5,036.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 3,466.66 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 3,014.00 |
| Total Number of Sheets in Schedules | | 13 | | | |
| Total Assets | | | 22,350.00 | | |
| Total Liabilities | | | | 23,645.89 | |

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Downie, Rodney D.**                                      Case No. _____
_____
                    Debtor(s)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H" for Husband, "W" for Wife, "J" for Joint, or "C" for Community in the column labeled "HWJC." If the debtor holds no interest in real property, write "None" under "Description and Location of Property".

Do not include interests in executory contracts and unexpired leases on the schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a security interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim".

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **None** | | | | |
| | | | TOTAL | 0.00 |

(Report also on Summary of Schedules)

SCHEDULE A - REAL PROPERTY

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Downie, Rodney D.                                                    Case No. _____
_____
Debtor(s)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attached a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H" for Husband, "W" for Wife, "J" for Joint, or "C" for Community in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions only in Schedule C - Property Claimed as Exempt.

Do not include interests in executory contracts and unexpired leases on the schedule. List them in Schedule G - Executory Contracts and Unexpired Leased.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **checking acocunt - Farmers Exchange Bank** | | 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | **household goods - $1,000.00 value** | J | 500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **clothes** | | 50.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Downie, Rodney D.                                                    Case No. _____
                              Debtor(s)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18.  Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **income tax refund - $2,000.00 ($1,200.00 is earned income credit)** | J | 1,000.00 |
| 21.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23.  Automobiles, trucks, trailers, and other vehicles and accessories. | | **1978 Ford pickup (not running)** | J | 200.00 |
| | | **1986 single wide mobile home** | | 5,000.00 |
| | | **1988 Nissan Maxima** | | 400.00 |
| | | **1996 KW Semi Truck** | | 10,000.00 |
| | | **2000 Oldsmobile Alero (156,000 miles)** | | 5,200.00 |
| 24.  Boats, motors, and accessories. | X | | | |
| 25.  Aircraft and accessories. | X | | | |
| 26.  Office equipment, furnishings, and supplies. | X | | | |
| 27.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28.  Inventory. | X | | | |
| 29.  Animals. | X | | | |
| 30.  Crops - growing or harvested. Give particulars. | X | | | |
| 31.  Farming equipment and implements. | X | | | |
| 32.  Farm supplies, chemicals, and feed. | X | | | |
| 33.  Other personal property of any kind not already listed. Itemize. | X | | | |

TOTAL                    **22,350.00**

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

___0___ continuation sheets attached

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

**SCHEDULE B - PERSONAL PROPERTY**

IN RE Downie, Rodney D.                                                          Case No. _____
                        Debtor(s)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1):  Exemptions provided in 11 U.S.C. § 522(d). NOTE: These exemptions are available only in certain states.

☑ 11 U.S.C. § 522(b)(2):  Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| household goods - $1,000.00 value | Ala. Code §§ 6-10-6, 6-10-126 | 500.00 | 500.00 |
| clothes | Ala. Code §§ 6-10-6, 6-10-126 | 50.00 | 50.00 |
| income tax refund - $2,000.00 ($1,200.00 is earned income credit) | Ala. Code §§ 6-10-6, 6-10-126 Ala. Code § 38-4-8, 38-5-5 | 400.00 600.00 | 1,000.00 |
| 1978 Ford pickup (not running) | Ala. Code §§ 6-10-6, 6-10-126 | 200.00 | 200.00 |
| 1986 single wide mobile home | Ala. Code § 6-10-2, § 6-10-4 | 5,000.00 | 5,000.00 |

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Downie, Rodney D.                                        Case No.
                    Debtor(s)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C," respectively, in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL ........... UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|
| Account No. **Flint River Transportation** **952 N Maple Street** **Albany, GA 31705** | | | **account secured by 1996 KW Semi Truck** Value $      **10,000.00** | X | | | **10,000.00** |
| Account No. **GMAC** **Post Office Box 100049** **Duluth, GA 30096** | | | **account secured by 20000 Oldsmobile Alero** Value $      **5,200.00** | X | | | **6,000.00** **800.00** |
| Account No. **Title Cash Inc.** **558 Andrews Ave., Suite C** **Ozark, AL 36360** | | | **account secured by 1988 Nissan Maxima** Value $      **400.00** | X | | | **600.00** **200.00** |
| Account No. | | | Value $ | | | | |
| Account No. | | | Value $ | | | | |

|  |  |
|---|---|
| **0** Continuation Sheets attached | Subtotal (Total of this page)   **16,600.00** |
| | (Complete only on last sheet of Schedule D) **TOTAL**   **16,600.00** |
| | (Report total also on Summary of Schedules) |

SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Downie, Rodney D.

Case No. _____

Debtor(s)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entry on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C," respectively, in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS

(Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2)

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to a maximum of $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**
Claims of individuals up to a maximum of $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6)

☐ **Alimony, Maintenance, or Support**
Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☑ **Taxes and Other Certain Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

* Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____**1** Continuation Sheets attached

© 1993-2003 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

IN RE Downie, Rodney D.            Case No.
                Debtor(s)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Taxes and Other Certain Debts Owed to Governmental Units
(Type of Priority)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|
| Account No. <br> **Alabama Department Of Revenue** <br> **50 North Ripley** <br> **Montgomery, AL  36132** | | | **2001 State Taxes** | X | | | 226.47 <br><br> 226.47 |
| Account No. <br> **Internal Revenue Service** <br> **801 Tom Martin Drive** <br> **Birmingham, AL  35211** | | | **2001 Fed Taxes** | X | | | 1,783.42 <br><br> 1,783.42 |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet    **1** of    **1** Continuation Sheets attached to Schedule E

Subtotal (Total of this page)    **2,009.89**

(Complete only on last sheet of Schedule E)  **TOTAL**    **2,009.89**
(Report total also on Summary of Schedules)

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Downie, Rodney D.                                    Case No.
_____
Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding unsecured claims without priority against the debtor or the property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C," respectively, in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>**Amoco<br>Post Office Box 9014<br>Des Moines, IA 50368** | | | **credit card** | X | | | 308.00 |
| Account No.<br>**Bank First<br>Post Office Box 650310<br>Dallas, TX 75265-0310** | | | **credit card** | X | | | 446.00 |
| Account No.<br>**Capital One<br>Post Office Box 85147<br>Richmond, VA 23276** | | | **credit card** | X | | | 230.00 |
| Account No.<br>**JC Penney<br>Post Office Box 27570<br>Albuquerque, NM 87125-7570** | | | **credit card** | X | | | 504.00 |
| Account No.<br>**NewPort News<br>Post Office Box 5811<br>Hicksville, NY 11802** | | | **credit card** | X | | | 358.00 |

**1** Continuation Sheets attached

Subtotal (Total of this page)  **1,846.00**

(Complete only on last sheet of Schedule F) **TOTAL**

(Report total also on Summary of Schedules)

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Downie, Rodney D.                                            Case No.
_____
            Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Orchard Bank**<br>**Post Office Box 4155**<br>**Carol Stream, IL  60197** | | | credit card | X | | | 331.00 |
| Account No.<br><br>**Providian**<br>**Post Office Box 99604**<br>**Arlington, TX  76096-9604** | | | credit card | X | | | 2,859.00 |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

| | Subtotal (Total of this page) | 3,190.00 |
|---|---|---|
| Sheet ____1___ of _____1___ Continuation Sheets attached to Schedule F | (Complete only on last sheet of Schedule F) **TOTAL** | **5,036.00** |

(Report total also on Summary of Schedules)

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Downie, Rodney D.                 Case No. _____
                      Debtor(s)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.

State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease.

Provide the names and complete addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**IN RE** Downie, Rodney D.                                                        Case No. _____
                        Debtor(s)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of
creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor
spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Downie, Rodney D.                                    Case No.
                    Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP | AGE |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Truck Driver** | **House Wife** |
| Name of Employer | **Self Employed** | |
| How long employed | | |
| Address of Employer | **1559 County Road 20** **Clayton, AL  36016** | |

| Income: (Estimate of average monthly income) | | DEBTOR | SPOUSE |
|---|---|---|---|
| Current Monthly gross wages, salary, and commissions (pro rata if not paid monthly) | $ | 4,333.33 | $ |
| Estimated monthly overtime | $ | | $ |
| **SUBTOTAL** | $ | 4,333.33 | $ 0.00 |
| LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and Social Security | $ | 866.67 | $ |
| b. Insurance | $ | | $ |
| c. Union dues | $ | | $ |
| d. Other (specify) | $ | | $ |
| | $ | | $ |
| **SUBTOTAL OF PAYROLL DEDUCTIONS** | $ | 866.67 | $ 0.00 |
| **TOTAL NET MONTHLY TAKE HOME PAY** | $ | 3,466.66 | $ 0.00 |
| | | | |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | | $ |
| Income from real property | $ | | $ |
| Interest and dividends | $ | | $ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | | $ |
| Social Security or other government assistance (Specify) | $ | | $ |
| | $ | | $ |
| Pension or retirement income | $ | | $ |
| Other monthly income (Specify) | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **TOTAL MONTHLY INCOME** | $ | 3,466.66 | $ 0.00 |

**TOTAL COMBINED MONTHLY INCOME $**     3,466.66  (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Downie, Rodney D.                                                    Case No. _____
                        Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ _____ |
| Are real estate taxes included?    Yes ___ No ✓ | |
| Is property insurance included?    Yes ___ No ✓ | |
| Utilities:  Electricity and heating fuel | $ 150.00 |
|        Water and sewer | $ 15.00 |
|        Telephone | $ 75.00 |
|        Other | $ _____ |
| | $ _____ |
| Home maintenance (repairs and upkeep) | $ 100.00 |
| Food | $ 250.00 |
| Clothing | $ _____ |
| Laundry and dry cleaning | $ _____ |
| Medical and dental expenses | $ 120.00 |
| Transportation (not including car payments) | $ 100.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 50.00 |
| Charitable contributions | $ 20.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
|     Homeowner's or renter's | $ _____ |
|     Life | $ 44.00 |
|     Health | $ _____ |
|     Auto | $ 390.00 |
|     Other | $ _____ |
| | $ _____ |
| | $ _____ |
| Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify) | $ _____ |
| | $ _____ |
| Installment payments (in chapter 12 and 13 cases, do not list payments to be included in the plan) | |
|     Auto | $ _____ |
|     Other | $ _____ |
| | $ _____ |
| Alimony, maintenance, and support paid to others | $ _____ |
| Payments for support of additional dependents not living at your home | $ _____ |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ _____ |
| Other  **Fuel For Semi Truck** | $ 1,700.00 |
| | $ _____ |
| | $ _____ |
| | $ _____ |
| | $ _____ |
| **TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules)** | $ 3,014.00 |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---:|
| A.  Total projected monthly income | $ 3,466.66 |
| B.  Total projected monthly expenses | $ 3,014.00 |
| C.  Excess income (A minus B) | $ 452.66 |
| D.  Total amount to be paid into plan each **Monthly** | $ 450.00 |

(interval)

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Downie, Rodney D.**                                Case No.
Debtor(s)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **14** sheets, and that
(Total shown on summary page plus 1)
they are true and correct to the best of my knowledge, information, and belief.

Date: **December 18, 2003**         Signature: */s/ Rodney D. Downie*
                                                **Rodney D. Downie**                        Debtor

Date: _____      Signature: _____
(Joint Debtor, if any)

[If joint case, both spouses must sign.]

---

CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____                  _____
Printed or Typed Name of Bankruptcy Petition Preparer                    Social Security No.
                                                                 (Required by 11 U.S.C. § 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

_____                  _____
Signature of Bankruptcy Petition Preparer                                      Date

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedures may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
(Total shown on summary page plus 1)

Date: _____      Signature: _____

_____
(Print or type name of individual signing on behalf of debtor)

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

**Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.**

DECLARATION CONCERNING DEBTOR'S SCHEDULES

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## United States Bankruptcy Court
## Middle District of Alabama

IN RE:                                                                                    Case No. _____

Downie, Rodney D.                                                                         Chapter **13**
                                        Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"*In business.*" A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"*Insider.*" The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**1. Income from employment or operation of business**

None ☐  State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|         |                                  |
|---------|----------------------------------|
| AMOUNT  | SOURCE (if more than one)        |
| 25,000.00 | **Employment Income-2003**     |
| 30,000.00 | **Employment Income-2002**     |
| 28,000.00 | **Employment Income-2001**     |

**2. Income other than from employment or operation of business**

None ☑  State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**3. Payments to creditors**

None ☑  a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑  b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☑  a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding
☑ the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

None List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to
☑ the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 6. Assignments and receiverships

None a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.
☑ (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the
☑ commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual
☑ gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the**
☑ **commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt
☑ consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

## 10. Other transfers

None List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either
☑ absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 11. Closed financial accounts

None List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise
☑ transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, association, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 12. Safe deposit boxes

None List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately
☑ preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 13. Setoffs

None List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this
☑ case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

STATEMENT OF FINANCIAL AFFAIRS

**14. Property held for another person**

None ☑  List all property owned by another person that the debtor holds or controls.

---

**15. Prior address of debtor**

None ☑  If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

---

**16. Spouses and Former Spouses**

None ☑  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

---

**18. Nature, location and name of business**

None ☑  a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

---

None ☑  b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.


Date: **December 18, 2003**            Signature  */s/ Rodney D. Downie*
                                        of Debtor                                                    **Rodney D. Downie**

Date: _____          Signature _____
                                        of Joint Debtor
                                        (if any)

                                        _____**0** continuation pages attached


*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

STATEMENT OF FINANCIAL AFFAIRS

**United States Bankruptcy Court**
**Middle District of Alabama**

IN RE:                                                    Case No. _____

Downie, Rodney D.                                        Chapter **13**
_____
          Debtor(s)

**VERIFICATION OF CREDITOR MATRIX**

The above named debtor(s) hereby verify(ies) that the attached matrix listing creditors is true to the best of my(our) knowledge.


Date: **December 18, 2003**          Signature: _**/s/ Rodney D. Downie**_____
                                              **Rodney D. Downie**                              Debtor


Date: _____          Signature: _____
                                                                                      Joint Debtor, if any

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Downie, Rodney D.
1559 County Road 20
Clayton, AL  36016

JC Penney
Post Office Box 27570
Albuquerque, NM  87125-7570


Alabama Department Of Revenue
50 North Ripley
Montgomery, AL  36132

NewPort News
Post Office Box 5811
Hicksville, NY  11802


Amoco
Post Office Box 9014
Des Moines, IA  50368

Orchard Bank
Post Office Box 4155
Carol Stream, IL  60197


Bank First
Post Office Box 650310
Dallas, TX  75265-0310

Providian
Post Office Box 99604
Arlington, TX  76096-9604


Capital One
Post Office Box 85147
Richmond, VA  23276

Title Cash Inc.
558 Andrews Ave., Suite C
Ozark, AL  36360


Flint River Transportation
952 N Maple Street
Albany, GA  31705


GMAC
Post Office Box 100049
Duluth, GA  30096


Internal Revenue Service
801 Tom Martin Drive
Birmingham, AL  35211